In re ALBANY HEIGHTS REALTY CO. et al.

(Supreme Court, Appellate Division, Second Department.    May 29, 1914.)

1. MUNICIPAL CORPORATIONS (§ 497*)—REGULATING AND GRADING STREETS—
    SPECIAL ASSESSMENTS—JUDICIAL REVIEW.
        Under Greater New York Charter (Laws 1901, c. 466) §§ 959–962, au-
    thorizing the court to vacate or modify an assessment for benefits for
    grading a street, when fraud or substantial error has been committed in
    the assessment proceedings, etc., the court may not vacate or modify an
    assessment for grading a street, including the cost of the filling of a
    gravel pit located on land formerly owned by the city, making excava-
    tions therein of materials for use on public highways, on the ground that
    the assessment does not impose on the city the whole cost of refilling the
    pit.
        [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
    1167, 1168;  Dec. Dig. § 497.*]
2. MUNICIPAL CORPORATIONS (§ 497*)—REGULATING AND GRADING STREETS—
    SPECIAL ASSESSMENTS—JUDICIAL REVIEW.
        Where the board of revision, modifying an assessment for grading a
    street, did not act on any erroneous theory in making the assessment, the
    mere fact that the assessment originally made was based on an errone-
    ous theory did not justify the court to vacate or modify the assessment
    as modified by the board of revision, within Greater New York Charter
    (Laws 1901, c. 466) § 959, authorizing the court to vacate or modify an
    assessment for substantial error in the assessment proceedings.
        [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
    1167, 1168;  Dec. Dig. § 497.*]

Appeal from Special Term, Kings County.

Petition by the Albany Heights Realty Company and others to re-
duce or modify an assessment for regulating and grading Avenue P,
in the City of New York.   From an order granting to the petitioners
the relief asked for, the City of New York appeals.   Reversed, and
proceedings dismissed.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON,
and PUTNAM, JJ.

Charles J. Druhan, of Brooklyn (James D. Bell, of Brooklyn, on the
brief), for appellant.

Everly M. Davis, of New York City, for respondents.

CARR, J.   In a proceeding to regulate and grade Avenue P in the
borough of Brooklyn, an assessment was made upon the property
deemed to be benefited thereby.   Pursuant to the provisions of the
Greater New York Charter, various persons, feeling aggrieved by the
apportionment of said assessment, sought a revision and modification
thereof by the board, provided by the Charter, for the revision of as-
sessments.   The total cost of the improvement was the sum of $23,-
781.66, of which the amount of $15,502.22 represented the cost of
filling in a portion of Avenue P to bring it to the required grade.   The
board of revision modified the total assessments by charging against
the city of New York the amount of $6,117.86 as a part of the ex-
penses of filling in an old gravel pit located within the lines of Avenue
P.   As so modified, the assessment was confirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thereafter certain property owners petitioned the board of estimate and apportionment, under the provisions of section 436 of the Charter, to further reduce the total sum of the assessment, as modified by the board of revision, to the extent of the sum of $9,384.36, thus in effect charging against the city of New York the whole cost of filling in the gravel pit. This relief was denied by the board of estimate and apportionment; it appearing that the petition, presented to it by the aggrieved property owners, was not signed by a majority of the owners of the assessed property as required by section 436 as aforesaid. Thereupon the petitioners in this proceeding applied at a Special Term of this court in Kings county for an order modifying the assessment, as confirmed by the board of revision. After a hearing, an order was entered by the Special Term, granting to the petitioners the same relief which had been denied by the board of estimate and apportionment, from which order this appeal is taken by the city of New York.

[1] The jurisdiction of the court to make an order in the premises is conferred and regulated by sections 959 to 962, inclusive, of the Greater New York Charter. By these sections, where "fraud or substantial error" is shown to have been committed in the assessment proceedings, the court may vacate or modify the assessment, as the circumstances may require. If it be found that by any irregularity—

"the expense of any local improvement has been unlawfully increased, the judge may order that such assessment upon the lands of said aggrieved party may be modified by deducting therefrom such sum as is in the same proportion to such assessment as is the whole amount of such unlawful increase to the whole amount of the expense of such local improvement." Section 959.

But the statute in question provided further (section 962) that:

"No court shall vacate or reduce any assessment in fact or apparent, whether void or voidable, on any property for any local improvement, otherwise than to reduce any such assessment to the extent that the same may be shown by parties complaining thereof to have been in fact increased in dollars and cents by reason of fraud or substantial error; and in no event shall that proportion of any such assessment, which is equivalent to the fair value or fair cost of any local improvement, with interest at the rate of three per centum per annum from the date of confirmation to the date of the final order of reduction and seven per centum thereafter, be disturbed for any cause."

There is no contention in this case that there was any fraud in the assessment, or that the fair cost of filling in the former gravel pit was improperly computed in estimating the lawful expense of making the public improvement in question. The whole and only question involved is whether the total expense of the local improvement was apportioned lawfully on the benefited property in the area of assessment.

The petitioners claim that there was "a substantial error," in the meaning of the statute, in the method of apportionment of the expense of the improvement, in that, in fairness and equity, no part of the expense of filling in the gravel pit should be charged by assessment on the private owners. This pit was located on land formerly owned by the city of New York as a proprietor, as the successor of the city of Brooklyn and the old town of Gravesend. While so owned, a deep excavation had been made on the land, and gravel taken out for use on various public highways. It is argued that, as the city made the

pit, it should have borne the whole expense of refilling it. When the city made the pit, it owned the land as a proprietor, and its rights and duties were those of any lawful proprietor. Whether it should have assumed the whole expense of filling in the excavation, as a matter of indulgence, generosity, or of abstract justice, was a question to be determined by the proper officers, in good judgment and sound discretion; but the result of such determination, one way or the other, cannot be said to constitute a "substantial error," in the meaning of the statute, simply because it may not meet our ideas of absolute justice. The power given to the court by the statute is to be used only within the limits of the grant. Matter of Shaffer, 138 App. Div. 35, 122 N. Y. Supp. 769, affirmed 200 N. Y. 519, 93 N. E. 1132.

[2] The learned court at Special Term was of opinion that the action of the public officers, charged with duty in the premises, in declining to charge the city of New York with the whole expense of filling in the pit, was influenced by a consideration of the fact that, when Avenue P was opened by condemnation proceedings, because of the existence of the pit, the city received an award which was proportionately about $8,800 less than the awards of private owners, and to that extent the private owners had already benefited, as their assessments in the opening proceeding were proportionately lessened. Assuming for the argument that the learned Special Term was right in holding that it would have been "a substantial error" to have taken this consideration into account in making the apportioned assessment, yet it does not appear that the board of revision acted on such a theory. When the matter came before the board of estimate, it directed its chief engineer to examine and report upon the application. He, it is true, reported to that body and pointed to the amount of the award to the city in the street opening proceedings as a circumstance to be considered in entertaining the application; but it does not appear that this circumstance was a determinative consideration on the part of the board of revision, when the assessment was modified and confirmed. The board of estimate and apportionment denied the application, without regard to the claim of equities, but because it had no power to entertain the application, as it did not conform with section 436 of the Charter, as aforesaid.

It seems to me that the court at Special Term was without legal power under these circumstances to make the order appealed from, and I recommend that the order be reversed, with $10 costs and disbursements, and that the proceeding be dismissed as a matter of law. All concur.